UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHRIS LANGER,<br><br>            Plaintiff,<br><br>   v.<br><br>HOME DEPOT PRODUCT AUTHORITY, LLC,<br><br>            Defendant. | Case No. 20-cv-06693-SI<br><br>**ORDER GRANTING DEFENDANT'S MOTION FOR MORE DEFINITE STATEMENT**<br><br>Re: Dkt. No. 12 |

Defendant's motion for a more definite statement is scheduled for a hearing on December 11, 2020. Pursuant to Civil Local Rule 7-1(b), the Court determines that the matter is appropriate for resolution without oral argument and VACATES the hearing. As set forth below, the Court GRANTS the motion. The amended complaint is due by **December 4, 2011**.

**BACKGROUND**

On October 29, 2020, defendant Home Depot Product Authority, LLC ("Home Depot") filed the present motion seeking "an order requiring Plaintiff to provide a more definite statement as to Plaintiff's residency." Dkt. No. 12-1 at 5 (Motion). In his opposition, plaintiff Chris Langer admits that his "county of residence is San Diego (although he spends significant portions of his time living in both the Central and Northern Districts)." Dkt. No. 13 at 6 (Opposition). For reasons that are not clear to the Court, Mr. Langer apparently refused to add that sentence to his complaint, *see* Dkt. No. 12-1 at 7, thus prompting the instant motion.[1]

---

[1] It is the Court's view that the current dispute should have been resolved through the meet and confer process. The Court encourages counsel to work cooperatively to avoid unnecessary motion practice.

The complaint alleges two causes of action for disability-based discrimination: a federal claim under the Americans with Disabilities Act and a California state law claim based on the Unruh Civil Rights Act. Compl. ¶¶ 43, 47 (Dkt. No. 1). These claims stem from Home Depot's alleged failure to provide closed captioning on at least one video on its website. *See id.* ¶ 18. Home Depot is a Georgia limited liability company. *See generally id.*; Dkt. No. 12-1 at 6. The complaint alleges that Home Depot owns stores in California, "including several within San Diego County and San Francisco County," Compl. ¶ 3, and that Home Depot owns its website, *id.* ¶ 5. The complaint does not allege any other nexus to California. For example, the complaint does not allege that Mr. Langer accessed Home Depot's website in California or that he resides in California.

**LEGAL STANDARD**

Federal Rule of Civil Procedure 12(e) provides that a party may move for a more definite statement of a pleading that is "so vague or ambiguous that the party cannot reasonably prepare a response." Fed. R. Civ. P. 12(e). A Rule 12(e) motion should be considered in light of the liberal pleading standards of Rule 8(a). *See Bureerong v. Uvawas*, 922 F. Supp. 1450, 1461 (C.D. Cal. 1996) (citing *Sagan v. Apple Computer, Inc.*, 874 F. Supp. 1072, 1077 (C.D. Cal. 1994) ("Motions for a more definite statement are viewed with disfavor and are rarely granted because of the minimal pleading requirements of the Federal Rules.")).

Although motions for a more definite statement "are viewed with disfavor" because of the "minimal pleading requirements of the Federal Rules," a court should grant such a motion where "the complaint is so general that ambiguity arises in determining the nature of the claim or the parties against whom it is being made." *Braun v. Yahoo*, No. 17-cv-06294-SVK, 2018 U.S. Dist. LEXIS 237032, at *4-5 (N.D. Cal. Mar. 28, 2018) (quoting *Austin v. Cty. of Alameda*, No. C-15-0942 EMC, 2015 U.S. Dist. LEXIS 80048, at *12 (N.D. Cal. June 19, 2015)).

**DISCUSSION**

Home Depot contends that a residency statement is required to determine whether plaintiff can allege a claim under the Unruh Civil Rights Act. California's civil rights act protects "persons

within the jurisdiction of this state." Cal. Civ. Code § 51(b). "The California Supreme Court has interpreted the phrase 'within the jurisdiction of this state' in accord with its plain meaning as 'within the state.'" *Brooke v. Hyatt Corp.*, No. 19-cv-07658-TSH, 2020 U.S. Dist. LEXIS 109980, at *18 (N.D. Cal. June 23, 2020) (quoting *Munson v. Del Taco, Inc.*, 46 Cal. 4th 661, 668 n.4 (2009)). Accordingly, the Unruh Civil Rights Act may only apply in the present action if Mr. Langer is a resident of California or if he accessed Home Depot's website while in California. *See, e.g.*, *Brooke*, 2020 U.S. Dist. LEXIS 109980, at *18 ("Accordingly, as [Plaintiff] does not claim she was in California when she viewed the reservation website at issue . . . the Court finds her Unruh Act claim is not plausible.").

Under Rule 8(a)(2), Mr. Langer is required to plead "a short and plain statement of the claim showing that [he] is entitled to relief." Fed. R. Civ. P. 8(a)(2). The complaint does not allege facts, such as plaintiff's residency, showing where plaintiff's injury occurred and thus whether California law applies. *See* Fed. R. Civ. P. 12(e). Accordingly, this Court GRANTS the motion for a more definite statement as to Mr. Langer's residency.

## CONCLUSION

For the foregoing reasons, the Court **GRANTS** Home Depot's motion for a more definite statement. Plaintiff shall file an amended complaint by **December 4, 2020**.

**IT IS SO ORDERED**.

Dated: November 24, 2020

SUSAN ILLSTON
United States District Judge