UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHRIS LANGER,<br><br>    Plaintiff,<br><br>        v.<br><br>HOME DEPOT PRODUCT AUTHORITY, LLC,<br><br>    Defendant. | Case No. 20-cv-06693-SI<br><br>**ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ON ADA CLAIM AND DISMISSING UNRUH ACT CLAIM WITHOUT PREJUDICE**<br><br>Re: Dkt. No. 65 |

On December 16, 2022, the Court held a hearing on defendant's motion for summary judgment. For the reasons set forth below, the Court GRANTS the motion.

**BACKGROUND**

Plaintiff Chris Langer filed this lawsuit against Home Depot Product Authority LLC ("Home Depot"), asserting claims under the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101 *et seq.*, and the Unruh Civil Rights Act ("Unruh Act"), Cal. Civ. Code § 51 *et seq.*. Langer suffers from Delayed Endolymphatic Hydrops, which has caused permanent partial hearing loss. Langer Decl. ¶ 3. Langer uses a variety of assistive listening devices, and when consuming audio content such as movies or tutorials on the internet, he uses closed-captioning in order to understand the material. *Id.* ¶ 5. In July 2020, Langer visited Home Depot's website and attempted to view a video titled "How to Use and Maintain An Evaporated Cooler," but that video lacked closed captioning, preventing Langer from fully understanding and consuming the content of the video. *Id.* ¶¶ 6-7; *see also* Compl. ¶¶ 17-19. The complaint seeks injunctive relief under the ADA and damages under the Unruh Act.

In November 2022, Home Depot moved for summary judgment. Home Depot asserts, *inter alia*, that Langer's claim for injunctive relief is moot because Home Depot added closed captioning to the "How to Use and Maintain An Evaporated Cooler" video, and Home Depot has ensured that all other current and future videos on its website are and will be captioned. Home Depot has filed the declaration of Michael J. Cushing, a marketing technology manager for Home Depot. Mr. Cushing states that "[t]he HomeDepot.com website contains promotional videos that are actually hosted by YouTube and can be found on YouTube. This includes the video that is the subject of the complaint. . . . Most, if not all, videos on YouTube have a control panel at the bottom of the video which contains various controls such as 'play,' full-screen, and 'CC," which stands for closed captioning." Cushing Decl. ¶ 3.

> 5. The Home Depot's practice has been to utilize captioning on videos on its website. Videos on the homedepot.com website go through a process in which they are captioned. All videos produced by Home Depot are uploaded to YouTube.com, captioned automatically by YouTube, and then embedded on the homedepot.com website. All vendor videos are required to be captioned before they may be uploaded onto the homedepot.com website. Vendor videos are captioned through a separate process and no vendor videos are at issue in this action.
>
> 6. The video at issue in this matter contains the controls that are customarily found on YouTube videos. Thus, someone clicking the "play" button on the video would be able to access the "CC" button in order to see closed captioning. I am informed and believe that the YouTube platform, by default, automatically generates closed captions on all videos uploaded by Home Depot. Home Depot is not provided the means by YouTube to enable or disable automatically generated closed captioning on videos it uploads to YouTube. Due to issue(s) with YouTube unbeknownst to and outside the control of Home Depot, a few random Home Depot videos did not allow automatically generated close captions to be enabled.
>
> 7. I was not aware of this YouTube platform issue until I learned of it through our counsel, who was alerted to the lawsuit filed by Plaintiff. Our team immediately worked on and implemented a workaround to the issue of YouTube's disabling of automatically generated closed captions. Thus, the closed captioning option was once again available for viewers of the video through the homedepot.com website.
>
> 8. Defendant has no record of Langer or Langer's counsel making any attempt to contact Defendant about the claims Langer pursues in this lawsuit, Defendant's Website or services, or Defendant's stores, prior to filing this suit. Defendant does not have an extensive history of complaints about the lack of closed captioning on the videos on its Website and has a policy of captioning its videos that predates Plaintiff's complaint.
>
> 9. Defendant continues its practice of captioning all videos on its websites and any new videos added to the website by ensuring each video is reviewed and captioned before it is placed on the website. Shortly after this lawsuit was filed, Defendant added closed captioning to the videos at issue and confirmed that all other videos on

the website were similarly captioned and that any future videos would be captioned. Defendant has no interest in, and will not, alter or knowingly eliminate closed captioning displayed on Home Depot's website. Thus, the closed captioning of the videos will not be removed by Home Depot. Given the policy and efforts to maintain captioning, a lack of captioning is unlikely to recur.

10. I am unaware of other active litigation complaints alleging a lack of closed captioning on the videos on its homedepot.com website.

*Id.* ¶¶ 5-10.

## LEGAL STANDARD

Summary judgment is proper if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine dispute as to any material fact and that the movant is entitled to judgment as a matter of law. *See* Fed. R. Civ. P. 56(a). The moving party bears the initial burden of demonstrating the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). The moving party, however, has no burden to disprove matters on which the non-moving party will have the burden of proof at trial. The moving party need only demonstrate to the Court that there is an absence of evidence to support the non-moving party's case. *Id.* at 325.

Once the moving party has met its burden, the burden shifts to the non-moving party to "designate 'specific facts showing that there is a genuine issue for trial.'" *Id.* at 324 (quoting then Fed. R. Civ. P. 56(e)). To carry this burden, the non-moving party must "do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). "The mere existence of a scintilla of evidence . . . will be insufficient; there must be evidence on which the jury could reasonably find for the [non-moving party]." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252 (1986).

In deciding a summary judgment motion, the Court must view the evidence in the light most favorable to the non-moving party and draw all justifiable inferences in its favor. *Id.* at 255. "Credibility determinations, the weighing of the evidence, and the drawing of legitimate inferences from the facts are jury functions, not those of a judge . . . ruling on a motion for summary judgment . . . ." *Id.* However, conclusory, speculative testimony in affidavits and moving papers is insufficient to raise genuine issues of fact and defeat summary judgment. *Thornhill Publ'g Co., Inc. v. Gen.*

3

1  *Tel. & Elec. Corp.*, 594 F.2d 730, 738 (9th Cir. 1979). The evidence the parties present must be
2  admissible. Fed. R. Civ. P. 56(c)).

**DISCUSSION**

**I.   Plaintiff's ADA claim is moot**

"In an ADA case, a defendant can render a case moot by voluntarily remediating the challenged conditions, as long as the behavior is not reasonably likely to recur." *Langer v. Ralphs Grocery Co.*, Case No. 20-cv-2497-JO-KSC, 2022 WL 3006038, at *2 (S.D. Cal. July 28, 2022). A claim is moot "when the issues presented are no longer 'live' or the parties lack 'a legally cognizable interest in the outcome.'" *Clark v. City of Lakewood*, 259 F.3d 996, 1011 (9th Cir. 2001) (citation omitted). Because the ADA only provides injunctive relief, "voluntary removal of alleged barriers prior to trial can have the effect of mooting a plaintiff's ADA claim." *Oliver v. Ralphs Grocery Co.*, 654 F.3d 903, 905 (9th Cir. 2011). Although voluntary remediation of access barriers can moot a case, the defendant "bears the formidable burden of showing that it is absolutely clear the allegedly wrongful behavior could not reasonably be expected to recur." *Friends of the Earth, Inc. v. Laidlaw Envtl. Servs. (TOC), Inc.*, 528 U.S. 167, 190 (2000). "Reasonable expectation means something more than 'a mere physical or theoretical possibility.'" *Brach v. Newsom*, 38 F.4th 6, 14 (9th Cir. 2022) (quoting *Murphy v. Hunt*, 455 U.S. 478, 482 (1982)).

Langer does not dispute that Home Depot has remediated the captioning issues with the sole video mentioned in the complaint. Instead, Langer contends that his claim for injunctive relief is not moot because the "the supposed 'fixes' to the problem are policy and practice based . . . [and] [t]hey could be ignored or rescinded at any time." Opp'n at 12. Langer distinguishes this case from those involving physical structural changes to implement accessibility, and argues that "adding the captions to the videos requires an intentional act and involves costs and labor that the company can decide at any time it no longer wants to invest." *Id*. at 13.

The Court concludes that Home Depot has met its "formidable" burden to show that Langer's ADA claim is moot. As an initial matter, the Court finds it significant that Langer has only ever alleged that a single video on Home Depot's website lacked captioning, and that video is

4

now captioned. Langer does not claim and has not submitted any evidence suggesting that Home Depot has posted other uncaptioned videos on its website, nor does Langer dispute Home Depot's evidence that it had a policy and practice of captioning videos that predates Langer's complaint.[1] As other courts have held in finding similar ADA injunctive claims moot, "Plaintiff merely expresses concern that there is no guarantee that Defendant will continue to comply, but 'the mere power to reenact a challenged [policy] is not a sufficient basis on which a court can conclude that a reasonable expectation of recurrence exists.'" *Langer*, 2022 WL 3006038, at *2 (quoting *White v. Bank of Am., N.A.*, 200 F. Supp. 3d 237, 245 (D.D.C. 2016) (on summary judgment, holding moot ADA claim seeking injunctive relief regarding captioning of videos on website where "[n]o evidence in the record suggests that Defendant has a history of repeatedly posting uncaptioned videos or that Defendant is currently failing to comply with its own policy" of requiring captioning and "Plaintiff's generalized concern, unsupported by evidence, does not create a genuine dispute concerning the proof put forth by Defendant with respect to their ongoing policy to close caption its videos."). The Court finds unpersuasive Langer's speculation that Home Depot may voluntarily choose to remove the captioning from its videos or abandon its policy regarding captioning videos. As such, the Court GRANTS defendant's motion for summary judgment on Langer's ADA claim on the basis of mootness, and finds it unnecessary to address Home Depot's other arguments regarding the ADA claim.

## II. The Court declines supplemental jurisdiction over the Unruh Act Claim

A district court "may decline to exercise supplemental jurisdiction" over a state law claim if it "has dismissed all claims over which it has original jurisdiction[.]" 28 U.S.C. § 1367(c)(3); *United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 726 (1966) ("if the federal claims are dismissed before trial, even though not insubstantial in a jurisdictional sense, the state claims should be dismissed as well"); *Langer*, 2022 WL 3006038, at *3 (on summary judgment, declining supplemental jurisdiction over Unruh Act claim "because Plaintiff's only federal claim is moot, [and] the Court

---

[1] At the hearing, Langer's counsel stated that the captioning policy had been adopted after this lawsuit was filed. However, Langer has not submitted any evidence in support of that assertion.

has not addressed the merits of Plaintiff's discrimination claims under the ADA or state law.").

Here, the only claim that conferred original jurisdiction was Langer's federal claim under the ADA. Langer asserts that his Unruh claim "is premised exclusively on the ADA violation." Opp'n at 16. Under these circumstances, and where Home Depot has raised numerous, independent arguments about why Langer's ADA and Unruh Act claims fail on the merits, the Court finds it appropriate to decline supplemental jurisdiction over the Unruh Act claim and DISMISSES that claim without prejudice.

## CONCLUSION

For the foregoing reasons, the Court GRANTS defendant's motion for summary judgment on Langer's ADA claim and declines supplemental jurisdiction over the Unruh Act claim.

**IT IS SO ORDERED**.

Dated: December 16, 2022

SUSAN ILLSTON
United States District Judge